WATSON *v.* THE STATE.

To support an indictment against a defendant for knowingly suffering his
horse to be run in what is commonly called a horse-race, along a public
highway, it is not necessary to prove that a bet or wager was made, or
a distance to be run agreed upon, or that judges were appointed to
decide upon the result of the race.

Upon the trial of such an indictment, evidence that the race was run along
a road leading from one specified town to another in the county, &c., is
sufficient, *prima facie,* to sustain the averment that the road in question
was a public highway.

ERROR to the *Switzerland* Circuit Court.

SMITH, J.—This was an indictment against the plaintiff
in error for knowingly, and wilfully, permitting his horse
to be run in what is commonly called a horse-race, along
and upon a public highway, leading from *Jacksonville*
to *Allensville*, in the county of *Switzerland.* Plea, not
guilty.

Upon the trial the defendant was found guilty and
fined.

A witness for the state testified that, on the day of the
presidential election, in 1848, he saw the defendant hand
the reins of the bridle of his horse to one *Moulton*, and
*Moulton* immediately took the horse some distance down
the road leading from *Jacksonville* to *Allensville*, and he
and another person came back running the horses as fast
as they could run, or about as fast; that *Moulton* rode the
horse of the defendant; that the road they ran upon was
in *Switzerland* county; that there were many persons pre-
sent; and that the distance they ran was about a quarter
of a mile. This witness also said that he knew of no
judges appointed to decide the race; that there was no bet

made; that when the defendant gave over the horse to *Moulton*, the defendant was near the place where the race ended, and remained there; and that the riders were not dressed in any unusual manner.

· Another witness for the state testified to the same facts, and that he had seen the defendant have the horse in his possession both before and after the time of the running; that he considered the running to be a horse-race, and supposed the horses were run to try their speed.

*Moulton*, being called for the defendant, testified that he borrowed the horse from the defendant to gallop with another person's horse; that there was no race run; that they did not gallop at more than half speed; that neither of the animals was whipped; that there was no bet and no judges chosen; that the defendant did not know the witness intended to run the horse; and that the horses were galloped to see how they galloped together, and not for the purpose of running a horse-race.

Another witness for the defendant stated that he saw *Moulton* and one *Bright* gallop the horses up the road, on the day above mentioned; that they did not run very fast; and that nothing was bet.

The foregoing being all the evidence, the defendant applied for a new trial, which was refused.

The indictment was founded on section 103, c. 53, R. S., p. 982, which enacts that, "Any person who shall knowingly suffer his horse, mare, or gelding, to be run in what is commonly called a horse-race, along any public highway in this state," on being convicted thereof, shall be fined, &c.

The plaintiff in error contends that to constitute what is commonly called a horse-race, there must be a bet or wager; there must be a distance to be run agreed upon; and there must be judges appointed to decide the race.

We do not think any of these formalities are necessary to make the offense defined in the section of the statute above quoted. The betting upon a horse-race is a game or wager, and is punishable under another section. *Cheesum* v. *The State*, 8 Blackf. 332. The object of the section

upon which this indictment is predicated, appears to have been to prevent fast riding upon the public roads, to the inconvenience and danger of persons passing and re-passing.

It is also contended that it is not proved the defendant knew his horse was to be run. The jury may have thought the statement of *Moulton*, that the defendant did not know he intended to run the horse, unworthy of credit, and they had a right to give such weight to his testimony as they thought proper. We think it might be inferred, from the circumstances given in evidence, that the defendant did know a race was to be run, and that he gave *Moulton* possession of his horse for that purpose. The statement of the latter that the defendant did not know the purpose for which the horse was given to him, can, at most, be regarded as an opinion, or as amounting to a statement that he did not tell the defendant he was about to run a race.

The last point which the plaintiff in error has endeavored to make, is, that it was not sufficiently proved the race was run along a public highway within the state. We think the evidence that it was run along a road leading from one town to another in the county of *Switzerland*, was sufficient, *prima facie*, to sustain the averment in the indictment that the road in question was a public highway.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Kelso*, for the plaintiff.

*D. Wallace*, for the state.